IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BECKY K. SIMON, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL CASE NO. 2:23-cv-125-ECM |
| | ) (WO) |
| USAA LIFE INSURANCE COMPANY, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

Now pending before the Court is the Defendant USAA Life Insurance Company's ("USAA") Motion to Dismiss. (Doc. 7). The Plaintiff Becky K. Simon ("Simon") filed a complaint against USAA in the Circuit Court of Montgomery County, Alabama on January 20, 2023. USAA removed proceedings to this Court on March 3, 2023 (doc. 1) and filed this motion to dismiss on March 10, 2023 (doc. 7).

This dispute arises from a USAA life insurance policy held by Jeffrey A. Simon (the "Decedent"). Simon is the Decedent's widow and was the primary beneficiary of the Decedent's twenty-year life insurance policy with USAA ("the policy"). Starting in August 2004, the Decedent owed annual premiums on the policy to maintain his $2,000,000 coverage. The policy's terms provide that "[i]f a premium is not paid when due, the policy will terminate except as indicated elsewhere in the policy." (Doc. 7-1 at 17). In the case of non-payment, the policy provides a thirty-one-day grace period "from

1

the premium due date during which time the policy remains in force." (*Id.*). If the premium remains unpaid at the end of the grace period and the policy lapses, the policy may only be reinstated if USAA receives the unpaid premium and "[e]vidence satisfactory to [USAA] that the Insured is still insurable." (*Id.*).

During his lifetime, the Decedent handled all financial affairs in the Simon household. For many years, he submitted timely annual premiums on his USAA policy. In 2018, the Decedent was diagnosed with Multiple Sclerosis, a disease that attacks the body's central nervous system. The Decedent's physical and mental condition steadily declined after his diagnosis. By early 2021, the Decedent "was completely immobile," "was essentially nonverbal[,] and had significant mental decline." (Doc. 1-1). In September of 2021, Simon and the Decedent left their home in Montgomery for a treatment facility in Mexico. Unfortunately, the Decedent passed away in Mexico on October 5, 2021. Simon returned to Montgomery on October 7, 2021.

Upon returning home, Simon took over the household's financial affairs. On November 30, 2021, Simon discovered two letters from USAA regarding the Decedent's life insurance policy. A letter dated September 2, 2021 notified the Decedent that his coverage would lapse if he did not send his premium payment by October 2, 2021. A letter dated October 3, 2021 informed the Decedent that his policy had lapsed due to non-payment of his annual premium.

On December 1, 2021, Simon mailed USAA a check for $2,770 as full payment for the missed premium. USAA deposited Simon's check on or around December 8, 2021. After Simon mailed the premium payment, her attorney notified USAA by mail of the

Decedent's passing. On January 21, 2022, USAA sent Simon a letter notifying her that the Decedent's policy had been terminated. USAA also informed Simon that it would not provide coverage under the Decedent's policy. Simon received a check from USAA for $2,770 on January 23, 2022.

Simon filed a complaint against USAA in the Circuit Court of Montgomery County, Alabama. USAA removed the case to this Court and filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Simon alleges claims against USAA for breach of contract, breach of the covenant of good faith and fair dealing, bad faith failure to investigate, and bad faith refusal to pay benefits.[1] Simon requests monetary relief in the form of actual, consequential, and punitive damages. Based on a review of the record, the applicable law, and for the reasons stated, USAA's motion to dismiss is due to be GRANTED.

## II. JURISDICTION

The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332.[2] Personal jurisdiction and venue are uncontested, and the Court concludes that venue properly lies in the Middle District of Alabama. *See* 28 U.S.C. § 1391.

## III. LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that

---

[1] Simon also alleges a fifth claim against USAA for "equitable tolling/equitable estoppel." (Doc. 1-1 at 17). However, this claim is better viewed as an equitable basis for relief than as a distinct claim against USAA.
[2] The Notice of Removal alleges that Simon is a citizen of Alabama and USAA is a citizen of Texas. Simon does not dispute that complete diversity exists in this action.

3

the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (alteration in original) (citation omitted).  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  Conclusory allegations that are merely "conceivable" and fail to rise "above the speculative level" are insufficient to meet the plausibility standard. *Twombly*, 550 U.S. at 555–56.  This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

## IV. DISCUSSION

USAA argues that Simon's complaint fails to state a claim on all counts because the Decedent's life insurance policy terminated by its terms prior to his death.  Accordingly, USAA argues that it cannot be held liable for breach of contract.  Because contractual liability is a prerequisite for a bad faith claim, USAA argues, Simon's other claims also fail.  Simon does not dispute that the premium on the Decedent's policy was submitted after the policy's grace period ended.  However, Simon responds that USAA waived its right to deny coverage under the Decedent's policy because it deposited the overdue

premium Simon submitted in December 2021. Simon also argues that, due to the Decedent's incapacity at the time his premium was due, equitable tolling extended the policy's payment deadline. Finally, Simon argues that USAA should be equitably estopped from denying coverage.

"In order to establish a breach-of-contract claim, a plaintiff must show '(1) the existence of a valid contract binding the parties in the action, (2) his own performance under the contract, (3) the defendant's nonperformance, and (4) damages.'" *Ex parte Alfa Mut. Ins. Co.*, 799 So. 2d 957, 962 (Ala. 2001) (quoting *S. Med. Health Sys., Inc. v. Vaughn*, 669 So. 2d 98, 99 (Ala. 1995)).[3] Because the Decedent's policy terminated by its terms prior to his death, Simon's breach of contract claim fails for lack of a valid contract unless waiver, equitable tolling, or equitable estoppel apply. Simon does not dispute USAA's contention that, without a valid breach of contract claim, Simon's bad faith claims fail. *Goostree v. Liberty Nat'l Life Ins. Co.*, 421 F. Supp. 3d 1268, 1276 (N.D. Ala. Sept. 30, 2019) ("[I]f a plaintiff's breach of contract claim fails to allege a specific breach, an accompanying bad faith claim necessarily fails as well."). The Court will address Simon's arguments for waiver, equitable tolling, and equitable estoppel in turn.

1. Waiver

An insurer may waive the right to deny coverage after an insured's policy lapses if the insurer retains an overdue premium payment. *See State Farm Mut. Auto. Ins. Co. v.*

---

[3] Because this matter is before the Court on diversity jurisdiction, the state law causes of action are examined under Alabama law. *Poplin v. Bestway Express*, 286 F. Supp. 2d 1316, 1318 (M.D. Ala. 2003) (applying Alabama law to state law claims on diversity jurisdiction).

*Anderson*, 318 So. 2d 687, 689 (Ala. 1975) (affirming trial court's finding that automobile insurer waived right to deny coverage by retaining payment for overdue premium). Simon argues that a valid contract existed in this case because USAA waived its right to deny coverage by retaining Simon's overdue premium payment.

This Court addressed a similar argument in *Lurie v. Globe Life & Accident Insurance Co.*, 2007 WL 314357 (M.D. Ala. Jan. 30, 2007). In that case, the decedent owed two overdue life insurance premiums at the end of the policy's grace period. *Id.* at *1. After the grace period ended, the decedent's beneficiary mailed a payment for the missed premiums. *Id.* at *2. The decedent died two days after the beneficiary issued the check for the missed premiums. *Id.* The defendant insurer returned the payment several months after it was processed. *Id.* at *3. When the insurer denied coverage under the decedent's policy, the plaintiff beneficiary brought a breach of contract claim. *Id.* at *4. This Court found that the breach of contract claim failed. *Id.* at *6. This Court recognized that "[t]he Alabama Supreme Court has applied . . . waiver to situations where an insurance company retains a premium paid after a policy has lapsed." *Id.* at *5. However, this Court reasoned that waiver did not apply because the insurer returned the premium payment. *Id.* at *6. Here, like the insurer in *Lurie*, USAA returned Simon's overdue premium payment. Thus, USAA did not waive its right to deny coverage under the Decedent's policy.

<u>2. Equitable Tolling</u>

Simon next argues that, because of the Decedent's incapacity, the doctrine of equitable tolling should extend the policy's payment deadline. "[T]he doctrine of equitable tolling may, under certain circumstances, apply when an indisputably incompetent insured

6

loses coverage because of their inability—resulting from their incapacity—to convert their insurance policy." *Bothwell v. Primerica Life Ins. Co.*, 444 F. Supp. 3d 1337, 1343 (N.D. Ala. Mar. 16, 2020). Simon recognizes, however, that the cases she cites in favor of equitable tolling "dealt with the situation of an insured failing—due to incapacity—to convert a policy." (Doc. 12 at 8). Simon does not cite a case that applies equitable tolling to prevent the lapse of a life insurance policy after the end of a grace period due to non-payment. In fact, the court in *Bothwell* rejected the plaintiff's argument that the decedent's extenuating health circumstances "warrant[ed] equitable tolling of the Policy lapse date." *Bothwell*, 444 F. Supp. 3d at 1340. This Court agrees with the reasoning in *Bothwell* and declines to apply equitable tolling beyond the scope in which Alabama has historically applied it.

### 3. Equitable Estoppel

Simon also argues that USAA should be equitably estopped from denying coverage. To establish that equitable estoppel applies, Simon must show 1) that USAA made a misleading communication, 2) that she relied on that misleading communication, and 3) that she would be materially harmed if USAA is allowed to make claims inconsistent with its earlier conduct. *Mazer v. Jackson Ins. Co.*, 340 So. 2d 770, 773 (Ala. 1976). Here, USAA's initial acceptance of Simon's overdue payment cannot reasonably be considered a misleading communication that it would provide coverage on the Decedent's policy. USAA did not retain the payment and returned it to Simon in full. Simon's allegations do not support a theory of equitable estoppel.

Because waiver, equitable tolling, and equitable estoppel do not apply, Simon's breach of contract claim fails for lack of a valid contract. Because Simon does not state a claim for breach of contract, her bad faith claims also fail. *Goostree*, 421 F. Supp. 3d at 1276. As Simon's complaint fails to state a claim on all counts, USAA's motion to dismiss is due to be GRANTED.

## V. CONCLUSION

For the reasons discussed above, it is hereby

ORDERED that USAA's motion to dismiss (doc. 7) is GRANTED.

A separate Final Judgment will be entered in accordance with this Memorandum Opinion and Order.

Done this 18th day of July, 2023.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE